IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:04cr250

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| vs. ) | |
| ) | ORDER |
| ) | |
| JAMES WILLIAM BOYD (2) ) | |
| ) | |

**THIS MATTER** is before the Court upon motion of the defendant for a reduction of sentence based on retroactive amendments to the United States Sentencing Guidelines relating to crack cocaine offenses, (Doc. No. 599), and the government's response, (Doc. No. 614).

The defendant pled guilty to conspiracy to possess cocaine base with intent to distribute cocaine and cocaine base. (Doc. No. 343: Judgment at 1). At sentencing, the Court determined that the amount of crack cocaine reasonably foreseeable to the defendant was at least 1.5 kilograms. (Doc. No. 607: Supplement to Presentence Report (PSR) at 1). The resulting offense level of 38 was reduced by 3 for acceptance of responsibility. Combined with a criminal history category of VI, the resulting advisory guideline range was 292-365 months. (Id.).

The government withdrew its 21 U.S.C. § 851 Information and moved for a downward departure pursuant to USSG §5K1.1 and 18 U.S.C. § 3553(e). (Doc. No. 302: Motion). After granting the motion, the Court sentenced the defendant to 146 months' imprisonment, (Doc. No. 343: Judgment at 2), which was 50% of the low end of the original advisory guideline range.

The defendant moves to reduce his sentence based on retroactive amendments to the guidelines relating to crack cocaine offenses. (Doc. No. 599). As amended, USSG §1B1.10(b)(1) directs courts to determine the guideline range as if the amendments had been in place at the time

of sentencing. If the defendant originally received a sentence less than the guideline range in effect at that time, a comparably lesser sentence may be imposed upon resentencing. USSG §1B1.10(b)(2)(B) and cmt. n.3.

The amended offense level for possessing at least 1.5 kilograms of cocaine base is 36. USSG Supp. to Appx. C., Amend. 706 (2007). The subtraction of three levels for acceptance of responsibility results in a total offense level of 33. The amended guideline range, given a criminal history category of VI, is 235-293 months. Applying the comparable reduction for substantial assistance to the low end of that range yields a 118-month sentence.[1]

The government opposes any further reduction in sentence given the substantial reduction the defendant received at his original sentencing.[2] (Doc. No. 614: Response at ¶ 9). Consistent with 18 U.S.C. § 3582(c)(2), the Court has considered the factors set forth in 18 U.S.C. § 3553(a), as well as the defendant's post-sentence conduct and the public's safety. Based on these factors, the Court finds that a reduction of the defendant's sentence would accomplish the goals of sentencing.

**IT IS, THEREFORE, ORDERED** that the defendant's motion is **GRANTED** and the defendant's sentence is reduced to 118 months' imprisonment.

---

[1] Although the defendant is subject to a ten-year mandatory minimum sentence, the government's downward departure motion, (Doc. No. 302), enables the Court to consider a sentence beneath the mandatory minimum. 18 U.S.C. § 3553(e).

[2] The Court notes that the government did not oppose a sentence reduction for co-defendant Kenneth Rudisill who benefitted from an even greater reduction in sentence. (Doc. No. 609: Order).

**IT IS FURTHER ORDERED** that, if the defendant is released from imprisonment without a residential plan accepted by the United States Probation Office, the defendant shall submit to the local Residential Reentry Center for a period not to exceed 90 days, with work release, at the direction of the U.S. Probation Office, as a condition of supervised release. All other terms and conditions previously imposed remain unchanged.

The Clerk is directed to certify copies of this Order to the defendant, counsel for the defendant, the Community Defender, the United States Attorney, the United States Marshals Service, and the United States Probation Office.

Signed: August 23, 2011

Robert J. Conrad, Jr.
Chief United States District Judge